*In Re* ASSIGNMENT OF JOSEPH NAJARIAN.

Appeal of SARKIS BOYAJIAN.

JANUARY .31, 1923.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

*(1)   Assignments for Benefit of Creditors.   Mortgages.   Liens.   Dissolving*
*Liens.*

Under cap. 338, Gen. Laws, 1909, as amended by Pub. Laws, cap. 456, providing
that every assignment at common law shall be effectual to dissolve any
attachment levy or *lien*, placed upon the property of the assignor not more
than four months prior to the making of such assignment, a mortgage is
not included under the term "any lien."

*(2)   Assignments for Benefit of Creditors.   Mortgages.   Liens.   Insolvency*
*Proceedings.*

Where a mortgage is given within four months of an assignment at common
law, if either the assignor or his creditors desire to attack its validity pro-
ceedings must be taken in insolvency under Gen. Laws, cap. 339.

ASSIGNMENT at common law. Heard on appeal of
assignee from decree of Superior Court. Appeal dismissed.

STEARNS, J.   On August 27, 1921, Souren Najarian and
Joseph Najarian, copartners gave their joint note as co-
partners for $400 and as security therefor a chattel mort-
gage, of the stock and fixtures of their bakery shop, to one
Mugurditch Khohararian for money on that date loaned by
him to the firm. This mortgage was duly recorded. On
September 28, 1921, a common law assignment for the
benefit of creditors of the firm was made to Sarkis K.
Boyajian. The assignee took possession of the stock and
fixtures and on the 17th of October sold them at public
auction for $118.50. Prior to the sale the mortgagee gave
notice of the mortgage to the assignee, and requested that
the funds realized from the sale should be held by the
assignee for the benefit of the mortgagee. The assignee on
March 6, 1922, filed his account in the Superior Court
showing the receipts of the sale to be $118.50 and charges
of the sale, including the fee of the assignee and his attorney
to be $129.21 and asked that the account be approved. The
mortgagee then filed a petition alleging the refusal of the
assignee to turn over to said mortgagee the proceeds of the

sale and asking the court to order the assignee to make such payment. The Superior Court, after a hearing, entered a decree directing the assignee to turn over the fund to the mortgagee. The cause is now in this court on the appeal of the assignee from said decree.

The assignee claims that the mortgage was dissolved by the assignment, under the provisons of Chapter 338, Section 4, General Laws, as amended by Chapter 456, Public Laws, which provides that every assignment at common law shall be effectual to dissolve any attachment, levy or lien placed upon the property of the assignor not more than four months prior to the making of such assignment; but such assignment shall not dissolve or impair any common law lien or the liens of mechanics, warehousemen or liens on personal property for work and labor done thereon. The claim is that a mortgage is a lien and hence is included (1) within the terms of the statute "any lien;" that as the mortgage was made within four months of the time of assignment it is invalid against the claim of the assignee. We think the phrase "any lien" in the act, was intended to be used therein and in this connection in its strict legal sense rather than in the popular and more comprehensive sense and that a mortgage is not included therein. It is true that a mortgage is often properly referred to as a lien but there is a fundamental difference in the origin and some of its incidents between a mortgage and the ordinary lien. A mortgage is created by the voluntary act of the parties whereas the typical lien is created and attaches to the specific property by action of law and regardless of the consent of the parties. An assignment is the voluntary and optional act of the debtor. In the absence of statutory change a common law assignee succeeds simply to the rights of his assignor. *Wilson* v. *Esten*, 14 R. I. 621; *Perkins* v. *Hutchinson*, 17 R. I. 450; *James* v. *Mechanics' Bank*, 12 R. I. 460. As stated in the *James* case *supra*, the object of the act in providing that a voluntary assignment should dissolve any attachment or levy by a creditor is to take

advantage of the displeasure a debtor naturally feels when his property is attached and to hold out an inducement to the debtor to make an assignment for the benefit of all of his creditors. The addition of the term "lien" in the present statute in nowise changes the general object or intent of this act. In *Coates* v. *Wilson*, 20 R. I. 106, it was held that a mortgage given for an existing indebtedness which gave to the creditor a preference was valid against creditors unless proceedings in insolvency were seasonably taken to avoid the security. Neither the debtor nor his common law assignee can avoid this mortgage under the provisions of Chapter 338. If the debtor or his creditors desired to attack the validity of the mortgage, proceedings should have been taken in insolvency under Chapter 339, General Laws.

The appeal of Sarkis Boyajian is dismissed; the decree of the Superior Court is affirmed, and the cause is remanded to the Superior Court for further proceedings.

*Jasper Rustigian*, for petitioner.

*George W. Burnett, Jr.*, for assignee.